## WARE ET AL vs. JORDAN, ADM'R.

1. When a bill charges the confession of a judgment by one defendant to another to have been made for the purpose of hindering, delaying and defrauding the creditors of the former, but makes no charge and asks no discovery touching the consideration of the judgment, an allegation in the answer that the judgment was confessed for a pre-existing, *bona fide* debt, is not responsive to the bill. (*Per* Parsons J., Dargan C. J. *dissenting,* Chilton J. *not sitting.*)
2. A defendant who is individually, or with others, directly liable for costs in a cause, is not a competent witness to prove any fact which would relieve him from those costs.

Error to the Chancery Court of Talladega.

Heard before the Hon. David G. Ligon.

The original bill in this case was filed in September, 1845, by Jordan, the defendant in error, as administrator of Samuel Dillard, against Bennett Ware and others. It alleges, that, in February, 1837, Dillard, Ware and one McRae became co-sureties for one Richard Whitworth, on a note for $2182 50; that judgment was rendered on said note against all the parties to it, but not in the same court; that a family of negroes were sold, under execution issued on said judgment, as the property of Whitworth, and the proceeds of the sale applied to the part satisfaction of the judgment; that complainant, as the administrator of Dillard, was compelled to pay the balance of said judgment, amounting to more than $2000; that Whitworth had died, insolvent; that McRae was insolvent, and that Bennett Ware was also insolvent, except as thereinafter stated; that Bennett Ware had obtained a decree in said Chancery Court against Malcolm Smith and others, who are made defendants to the bill, for upwards of $3000.

The bill prays an injunction, to restrain the collection of said decree by the defendant Ware, and seeks its condemnation to the satisfaction of complainant's claim for contribution. Bennet Ware answers, admitting the execution of the note, the recovery of judgment thereon, and the rendition of the decree in his favor in said Chancery Court. He states, that, before the filing of the bill, he had transferred said decree to his solicitor, Wm. P. Chilton, except the sum of $2100, as

his fee for professional services rendered in obtaining it; that he had drawn an order on said Chilton, in favor of one E. H. Avery, for the amount of a judgment which said Avery had recovered against respondent and R. H. Ware, amounting to $1000, to be paid out of said sum of $2100; and that he had directed Chilton to pay the residue of said sum in his hands to said R. H. Ware, to whom respondent had confessed a judgment for a much larger amount.

E. H. Avery and R. H. Ware filed their petitions, propounding their interest in the fund, and asking to be made parties.

An amended and supplemental bill was afterwards filed, which charges that said judgment in favor of E. H. Avery v. R. H. Ware and Bennett Ware, and said judgment in favor of R. H. Ware v. Bennett Ware, were confessed for the purpose of hindering, delaying and defrauding creditors; that several judgments had previously been rendered against Bennett Ware, and that several suits were then pending against him, which afterwards matured into judgments. Other facts are also alleged, tending to show the embarrassed circumstances of Bennett Ware and R. H. Ware. Avery, R. H. Ware and Chilton, together with the original defendants, are made defendants to this bill, and are required to answer specifically all its allegations.

Avery and R. H. Ware allege in their answer, that said judgments were confessed for pre-existing, *bona fide* debts, due from the defendants in each case to the plaintiffs, and without fraud, collusion or any intention whatever to hinder, delay or defraud creditors. Chilton also answered, asserting his lien upon the fund for professional services.

The deposition of Bennett Ware was taken by the defendants, E. H. Avery and R. H. Ware, to prove the assignment of said decree to Chilton, and the *bona fides* of said confessed judgments. The deposition was objected to by the complainant, and excluded by the Chancellor, on the ground that said witness was liable for costs, he being a defendant to the bill, and implicated in the fraud charged.

The Chancellor dismissed the bill as to Chilton, allowing his lien upon the fund, and condemned the residue of the fund to the satisfaction of the complainant's demand; and

this decree is now assigned for error, together with the exclusion of the deposition of Bennett Ware.

RICE & MORGAN, for plaintiffs in error.

WHITE & PARSONS, *contra*.

PARSONS, J.—We think it is not material whether Bennett Ware was a competent witness or not. Two of the defendants below, E. H. Avery and R. H. Ware, here complain that, as to them, there was error in the Chancellor's decree. There is no question but that the assignment to Mr. Chilton, for his own benefit and the benefit of E. H. Avery and R. H. Ware, was supported by a good consideration, and *bona fide*, as far as Mr. Chilton is concerned. If there is any consideration for the assignment, beyond the extent of Mr. Chilton's interest in it, that consideration consists of the judgment which Bennett Ware and R. H. Ware confessed in favor of Avery, and of the judgment which Bennett Ware confessed in favor of R. H. Ware. The bill does not controvert the fact of the assignment, or of the two judgments; but it states, that the parties intended thereby to defraud the creditors of Bennett Ware, of whom the complainant is one. Avery and R. H. Ware, by their answers, expressly and fully deny this allegation of the complainant. They state, that their judgments were confessed, by Bennett Ware and R. H. Ware in the one case, and by Bennett Ware in the other, upon actual debts. These answers, being directly responsive to what was charged by the complainant, must, according to the general rule, be taken as evidence of the facts which they aver. As the judgments were confessed, they are not sufficient evidence of the debts; but we think the answers are, Smith et al. v. Rogers & Sons, 1 Stew. & P. 317. As the indebtedness of Bennett Ware to Mr. Chilton and to Avery and R. H. Ware constituted a full consideration for the assignment, we cannot see, upon the bills, answers and evidence, why it should not have been sustained entirely.

The amended and supplemental bill states the relations between the two Wares, and between them and Avery, and the embarrassed circumstances of the two Wares, as signs of fraud. These are admitted by the answers; but it cannot be

contended that they can prevail over positive evidence, such as we think the answers are. It is stated in the bills, that R. H. Ware was young, and lived with his father, &c. But we think that his answer is reasonably satisfactory upon these points. The bills state other circumstances of actual fraud, among the two Wares and Avery; but they are denied, and are not proved.

Let the decree be reversed, so far as it is inconsistent with this opinion, and the cause remanded.

NOTE.—A rehearing was granted in this case, and the following opinion was afterwards delivered:

PARSONS, J.—My first opinion was, that the answers of Avery and R. H. Ware were responsive, and therefore evidence of the debts upon which the judgments were confessed by Bennett Ware; but my final opinion is, that they were not responsive in respect of those debts, but in avoidance as to them, and that the burthen of proving them by competent evidence was upon Avery and R. H. Ware.

The Chief Justice and myself sit alone in this case; but he does not concur in my present opinion: he thinks my first opinion was right. Upon this division of the court, the decree of the Chancellor is affirmed; because the Chief Justice fully concurs in the next branch of this opinion.

The next question relates to the competency of Bennett Ware, who was a co-defendant, as a witness, to prove the debts upon which the judgments were confessed. This question, in effect, was raised for the decision of this court, in Borland v. Walker et al. 7 Ala. 269; but it was not decided, because it was found to be unnecessary to do so. The counsel for the plaintiffs in error have referred us to various other decisions of this court; but I do not think they are in point. At law, it is settled that, if a witness would be liable in one event to the costs of the action, then, without a release, which will annul his interest in the event, he will not be admissible as a witness on the side of the party in whose favor he is interested. 1 Greenleaf on Evidence §§ 401, 402, and authorities there cited. It may, I think, be collected from the cases generally, that a witness, whether at

law or in equity, who is under a direct liability for costs, in one event of the cause, is not competent on the side of his interest.

The case of Eade v. Lingood, 1 Atk. 204, is in point. A bill was brought against Thomas Lingood, charging a fraud against him, in pretending to have bought a copy-hold estate with the money of his daughters, when it was in fact his own money. His daughters were made defendants in the cause, in order to reconvey the copy-hold to their father's assignees in bankruptcy. The counsel for the daughters, in excuse of their costs, offered to read the deposition of the defendant, Thomas Lingood, to show that he had led them into the mistake, by informing them that the purchase was made with their money. Lord Hardwicke refused to let Thomas Lingood's deposition be read, "because, where one defendant is charged by the bill with a fraud, his deposition cannot be read for another defendant, as it will be an advantage to himself, and may tend to excuse him with regard to his own costs."

In Barret v. Gore et al. 3 Atk. 401, the bill was filed against Gore for the specific performance of an agreement between Barret and Gore, which was drawn by Humfreville, as an attorney, and had been deposited with him by the parties. Humfreville subsequently refused to give Barret a copy of the agreement, alleging that his fees had not been paid, &c.; but in breach of his trust, delivered it up to Gore. For this, Humfreville was made a co-defendant to the bill. Gore, at the hearing, offered to read the deposition of Humfreville, to prove it a conditional agreement only, and for other purposes. But Lord Hardwicke held, that, if a person would act in such manner as to make himself a proper party to the cause, and liable *prima facie* for the costs, though he was the only person present at the agreement, yet the rule must prevail against his deposition's being read as evidence; and his Lordship determined accordingly.

In the present case, it is not necessary to go so far. For the purpose of this case, the rule may be laid down more guardedly—that a co-defendant, who is individually, or with others, directly liable for costs in the cause, is not competent as a witness, to prove any fact which would relieve him from

54

those costs. According to this, Bennett Ware was properly excluded by the Chancellor. The complainant filed his bill against Bennett Ware, for contribution as a co-surety, and prayed all the relief to which his case entitled him. He made Avery and R. H. Ware co-defendants, because, as the complainant charges, Bennett Ware, to defraud his creditors, had assigned to their use a fund to which his creditors were entitled, he having become insolvent. Now, so far as the bill sought a decree for contribution, Bennett Ware alone was liable for costs, and so far Avery and R. H. Ware were not liable; and so far as the bill sought to set aside the assignment, on the ground of fraud, all the parties to the fraud were liable for the costs. The parties to the alleged fraud .were, Bennett Ware, R. H. Ware and Avery; and if it should be established, (which was the case, but for Bennett Ware's deposition,) they were all directly liable for the costs of the cause, so far as it involved the question of fraud. Was Bennett Ware, in this predicament, a competent witness to disprove the fraud? We think he was not.

The English rule, as held by Lord Hardwicke, it seems, has not been adopted, or not strictly adhered to, in New York. See Donald v. Nielson, 2 Cowen's R. 139, and cases cited; and the court thought it had been shaken in England, and cited Man v. Ward, 2 Atk. 228; Cotton v. Luttrell, 1 Atk. 451; Fenton v. Hughes, 7 Ves. 287; Duncan v. Corporation of Chippenham, 14 Ves. 251; Whitworth v. Davis, 1 Ves. & Bea. 548, 551. I have looked into all these cases, and am of the opinion that they can be reconciled with the case of Barret v. Gore and Humfreville; or at least, that they are consistent with what we have held in this case. Some of them were decided by Lord Hardwicke himself, before he decided the case of Barret v. Gore and Humfreville.

The counsel for the plaintiffs in error argued other questions, which we have attentively considered; but our opinion is, that there is no error in the record, in respect of Bennett Ware's competency.. The decree is affirmed.

NOTE.—This opinion was delivered at the June term, 1851, but the reporter was instructed that it was unnecessary to publish it. It is now published at the request of the counsel who were engaged in the case.                    REPORTER.